Robert A. Levinson [SBN 82300]
rlevinson@laklawyers.com
Jason J. Jarvis [SBN 230158]
jjarvis@laklawyers.com
**LEVINSON ARSHONSKY & KURTZ, LLP**
15303 Ventura Blvd., Suite 1650
Sherman Oaks, CA 91403
Telephone:  (818) 382-3434
Facsimile: (818) 382-3433

Attorneys for Plaintiffs SUSAN LENNARD,
MARK WIEGAND, EDWARD WIEGAND,
EUGENIA SPRICH, JEFF W. COOK,
JULIE COOK, W. GREGORY COOK and JOY COOK

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| SUSAN B. LENNARD; MARK E.A. WIEGAND; EDWARD L. WIEGAND; EUGENIA W. SPRICH; JEFF W. COOK; JULIE COOK; W. GREGORY COOK; JOY COOK,<br><br>Plaintiffs,<br><br>vs.<br><br>PETER YEUNG, individually and doing business as P/A COIN, INC., a California corporation and doing business as PACIFIC ATLANTIC COIN COMPANY; PANDA AMERICA CORPORATION, a California corporation; and DOES 1 through 10, inclusive,<br><br>Defendants.<br><br>PETER YEUNG, an individual; P/A COIN, INC., a California corporation; and PANDA AMERICA | CASE NO. CV10-9322 MMM (AGRx)<br>[Assigned for all purposes to the Hon. Margaret M. Morrow]<br><br>[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER<br><br>Complaint filed: December 3, 2010<br>First Amended Complaint filed: June 28, 2011<br>Trial Date:         November 27, 2012 |

1

| | |
|---|---|
| 1 | CORPORATION, a California corporation, |
| 2 | |
| 3 | Third-Party Plaintiffs, |
| 4 | vs. |
| 5 | DON C. WEIR, an individual; JAMES A WINKELMAN, an individual; LONGROW HOLDINGS, INC., a Missouri corporation; HUNTLEIGH CAPITAL MANAGEMENT, INC., a Missouri corporation; HUNTLEIGH FINANCIAL SERVICES, INC., a Missouri corporation; BLUE OCEAN PORTFOLIOS, LLC, a Missouri limited liability company; SCOTSMAN COIN & JEWELRY, INC. a Missouri corporation; HFI SECURITIES, INC. and ROES 1 through 10, inclusive, |
| 14 | |
| 15 | Third-Party Defendants. |

IT IS HEREBY STIPULATED by and between Plaintiffs SUSAN LENNARD, MARK WIEGAND, EDWARD WIEGAND, EUGENIA SPRICH, JEFF W. COOK, JULIE COOK, W. GREGORY COOK and JOY COOK (collectively "Plaintiffs"), Defendants PETER YEUNG, PACIFIC ATLANTIC COIN COMPANY, P/A COIN, INC. and PANDA AMERICA CORPORATION (collectively "Defendants") and JAMES A. WINKELMAN, SCOTSMAN COIN & JEWELRY, INC. and BLUE OCEAN PORTFOLIOS, LLC (collectively "Third-Party Defendants"), (Plaintiffs, Defendants and Third-Party Defendants together referred to as the "Parties" and individually as a "Party"), by and through their respective counsel of record, that to facilitate the exchange of information and documents that may be subject to confidentiality limitations on disclosure due to federal laws, state laws, privacy rights, and agreements between the Parties, the Parties stipulate as follows:

LEVINSON ARSHONSKY & KURTZ, LLP

1. In this Stipulation and Protective Order, the words set forth below shall have the following meanings:

    a. "Proceeding" means the above-entitled proceeding entitled *Lennard, et al. v. Yeung, et al.*, United States District Court Case No. CV10-9322 MMM (AGRx).

    b. "Court" means the Hon. Margaret M. Morrow or any other judge or commissioner to which this Proceeding may be assigned, including Court staff in such proceedings.

    c. "Confidential" means any information that is in the possession of a Designating Party who believes in good faith that such information is entitled to confidential treatment under applicable law.

    d. "Confidential Materials" means any Documents, Testimony or Information as defined below designated as "Confidential" pursuant to the provisions of this Stipulation and Protective Order.

    e. "Designating Party" means the Party that designates Materials as "Confidential."

    f. "Disclose" or "Disclosed" or "Disclosure" means to reveal, divulge, give, or make available Materials, or any part thereof, or any information contained therein.

    g. "Documents" means (i) any "Writing," "Original," and "Duplicate" as those terms are defined by California Evidence Code Sections 250, 255, and 260, which have been produced in discovery in this Proceeding by any person, and (ii) any copies, reproductions, or summaries of all or any part of the foregoing.

    h. "Information" means the content of Documents or Testimony.

    i. "Testimony" means all depositions, declarations or other testimony taken or used in this Proceeding.

2. The Designating Party shall have the right to designate as "Confidential" any Documents, Testimony or Information that the Designating Party in good faith believes to contain non-public information that is entitled to confidential treatment under applicable law.

3. The entry of this Stipulation and Protective Order does not alter, waive, modify, or abridge any right, privilege or protection otherwise available to any Party with respect to the discovery of matters, including but not limited to any Party's right to assert the attorney-client privilege, the attorney work product doctrine, or other privileges, or any Party's right to contest any such assertion.

4. Any Documents, Testimony or Information to be designated as "Confidential" must be clearly so designated before the Document, Testimony or Information is Disclosed or produced. The designation as "Confidential" should not obscure or interfere with the legibility of the designated Information.

    a. For Documents (apart from transcripts of depositions or other pretrial or trial proceedings), the Designating Party must affix the legend "Confidential" on each page of any Document containing such designated Confidential Material.

    b. For Testimony given in depositions the Designating Party may either:

        i. identify on the record, before the close of the deposition, all "Confidential" Testimony, by specifying all portions of the Testimony that qualify as "Confidential" or

        ii. designate the entirety of the Testimony at the deposition as "Confidential" (before the deposition is concluded) with the right to identify more specific portions of the Testimony as to which protection is sought within 30 days following receipt of the deposition transcript. In circumstances where portions of the deposition Testimony are designated for protection, the transcript pages containing "Confidential" Information

1  may be separately bound by the court reporter, who must affix to the top
2  of each page the legend "Confidential," as instructed by the Designating
3  Party.
4      c.    For Information produced in some form other than Documents, and
5  for any other tangible items, including, without limitation, compact discs or
6  DVDs, the Designating Party must affix in a prominent place on the exterior of
7  the container or containers in which the Information or item is stored the legend
8  "Confidential." If only portions of the Information or item warrant protection,
9  the Designating Party, to the extent practicable, shall identify the portions that
10 are "Confidential."
11     5.    The inadvertent production by any of the Parties, other parties to the
12 Proceeding, or non-parties to the Proceeding of any Document, Testimony or
13 Information during discovery in this Proceeding without a designation as
14 "Confidential," shall be without prejudice to any claim that such item is
15 "Confidential" and such Party shall not be held to have waived any rights by such
16 inadvertent production. In the event that any Document, Testimony or Information
17 that is subject to a "Confidential" designation is inadvertently produced without such
18 designation, the Party that inadvertently produced the Document, Testimony or
19 Information shall give written notice of such inadvertent production within twenty
20 (20) days of discovery of the inadvertent production, together with a further copy of
21 the subject Document, Testimony or Information designated as "Confidential" (the
22 "Inadvertent Production Notice"). Upon receipt of such Inadvertent Production
23 Notice, the Party that received the inadvertently produced Document, Testimony or
24 Information shall promptly destroy the inadvertently produced Document, Testimony
25 or Information and all copies thereof, or, at the expense of the producing Party, return
26 such together with all copies of such Document, Testimony or Information to counsel
27 for the producing Party and shall retain only the Materials containing the designation
28 as "Confidential." Should the receiving Party choose to destroy such inadvertently

LEVINSON ARSHONSKY & KURTZ, LLP

1  produced Document, Testimony or Information, the receiving Party shall notify the
2  producing Party in writing of such destruction within ten (10) days of receipt of
3  written notice of the inadvertent production.  This provision is not intended to apply to
4  any inadvertent production of any Information protected by attorney-client privilege
5  or work product doctrine.  In the event that this provision conflicts with any applicable
6  law regarding waiver of confidentiality through the inadvertent production of
7  Documents, Testimony or Information, such law shall govern.

8        6.    In the event that counsel for a Party receiving Documents, Testimony or
9  Information in discovery designated as "Confidential" objects to such designation
10 with respect to any or all of such items, said counsel shall, upon reasonable notice and
11 after the parties meet and confer in good faith to resolve any dispute, move within
12 thirty (30) days from receipt of the "Confidential" Documents, Testimony or
13 Information for an order of the Court.

14       The party seeking to remove the designation (the "Moving Party") shall have
15 the burden on any Designation Motion of establishing the applicability of its
16 designation as "Confidential."  The burden of persuasion in any such challenge
17 proceeding shall initially be on the Moving Party to establish a legitimate need for
18 removing the "Confidential" designation.  If Moving Party establishes such a
19 legitimate need, Designating Party shall thereafter have the burden of establishing the
20 propriety of the designation.  Until the court rules on the challenge, all parties shall
21 continue to afford the material in question the level of protection to which it is entitled
22 under the Producing Party's designation."

23       7.    Access to and/or Disclosure of Confidential Materials designated as
24 "Confidential" shall be permitted only to the following persons:
25       a.    the Court;
26       b.    (1)    Attorneys of record in the Proceedings and their affiliated
27       attorneys, paralegals, clerical and secretarial staff employed by such
28

attorneys who are actively involved in the Proceedings and are not employees of any Party.

(2) In-house counsel to the undersigned Parties and the paralegal, clerical and secretarial staff employed by such counsel; <u>provided, however</u>, that each non-lawyer given access to Confidential Materials shall be advised that such Materials are being Disclosed pursuant to, and are subject to, the terms of this Stipulation and Protective Order and that they may not be Disclosed other than pursuant to its terms;

c. those officers, directors, partners, members, employees and agents of all nondesignating Parties that counsel for such Parties deems necessary to aid counsel in the prosecution and defense of this Proceeding; <u>provided, however</u>, that prior to the Disclosure of Confidential Materials to any such officer, director, partner, member, employee or agent, counsel for the Party making the Disclosure shall deliver a copy of this Stipulation and Protective Order to such person, shall explain that such person is bound to follow the terms of such Order, and shall secure the signature of such person on a statement in the form attached to this Stipulation and Protective Order as Exhibit A;

d. court reporters in this Proceeding (whether at depositions, hearings, or any other proceeding);

e. any deposition, trial or hearing witness in the Proceeding who previously has had access to the Confidential Materials, or who is currently or was previously an officer, director, partner, member, employee or agent of an entity that has had access to the Confidential Materials;

f. any deposition or non-trial hearing witness in the Proceeding who previously did not have access to the Confidential Materials; <u>provided, however</u>, that each such witness given access to Confidential Materials shall be

1  advised that such Materials are being Disclosed pursuant to, and are subject to,
2  the terms of this Stipulation and Protective Order and that they may not be
3  Disclosed other than pursuant to its terms;

4      g.   mock jury participants, <u>provided, however</u>, that prior to the
5  Disclosure of Confidential Materials to any such mock jury participant, counsel
6  for the Party making the Disclosure shall deliver a copy of this Stipulation and
7  Protective Order to such person, shall explain that such person is bound to
8  follow the terms of such Order, and shall secure the signature of such person on
9  a statement in the form attached to this Stipulation and Protective Order as
10 Exhibit A;

11     h.   outside experts or expert consultants consulted by the undersigned
12 Parties or their counsel in connection with the Proceeding, whether or not
13 retained to testify at any oral hearing; <u>provided, however</u>, that prior to the
14 Disclosure of Confidential Materials to any such expert or expert consultant,
15 counsel for the Party making the Disclosure shall deliver a copy of this
16 Stipulation and Protective Order to such person, shall explain its terms to such
17 person, and shall secure the signature of such person on a statement in the form
18 attached to this Stipulation and Protective Order as Exhibit A. It shall be the
19 obligation of counsel, upon learning of any breach or threatened breach of this
20 Stipulation and Protective Order by any such expert or expert consultant, to
21 promptly notify counsel for the Designating Party of such breach or threatened
22 breach; and

23     i.   any other person that the Designating Party agrees to in writing.

24 8.   **Special Attorneys' Eyes Only Provision**. As to cross-defendant
25 **Scotsman Coin & Jewelry, Inc**. and as to defendants, **Peter Yeung, Pacific Atlantic**
26 **Coin Company, P/A Coin, Inc., and Panda America Corporation**, documents
27 designated as "Confidential" shall not be shared with the persons identified in
28 subparagraphs 7(c)(e)(g) or (h). Documents designated by any party as "Confidential"

shall therefore be disclosed only to attorneys and those court or testimonial personnel necessary as identified in Subparagraphs 7(a)(b) and (d) for the parties stated in this Paragraph 8.

9. Confidential Materials shall be used by the persons receiving them only for the purposes of preparing for, conducting, participating in the conduct of, and/or prosecuting and/or defending the Proceeding, and not for any business or other purpose whatsoever.

10. Entering into, agreeing to, and/or complying with the terms of this Stipulation and Protective Order shall not:

    a. operate as an admission by any person that any particular Document, Testimony or Information marked "Confidential" contains or reflects trade secrets, proprietary, confidential or competitively sensitive business, commercial, financial or personal information; or

    b. prejudice in any way the right of any Party (or any other person subject to the terms of this Stipulation and Protective Order):

        i. to seek a determination by the Court of whether any particular Confidential Material should be subject to protection as "Confidential" under the terms of this Stipulation and Protective Order;

        ii. to seek relief from the Court on appropriate notice to all other Parties to the Proceeding from any provision(s) of this Stipulation and Protective Order, either generally or as to any particular Document, Material or Information; or

        iii. to assert any other objection to the disclosure of Confidential information, such as for relevance, attorney-client privilege, attorney work-product, etc.

11. Any party to the Proceeding who has not executed this Stipulation and Protective Order as of the time it is presented to the Court for signature may thereafter become a Party to this Stipulation and Protective Order by its counsel's signing and

dating a copy thereof and filing the same with the Court, and serving copies of such signed and dated copy upon the other Parties to this Stipulation and Protective Order.

12. Any Information that may be produced by a non-Party witness in discovery in the Proceeding pursuant to subpoena or otherwise may be designated by such non-Party as "Confidential" under the terms of this Stipulation and Protective Order, and any such designation by a non-Party shall have the same force and effect, and create the same duties and obligations, as if made by one of the Parties. Any such designation shall also function as consent by such producing non-Party to the authority of the Court in the Proceeding to resolve and conclusively determine any motion or other application made by any person, non-Party, or Party with respect to such designation, or any other matter otherwise arising under this Stipulation and Protective Order. All parties shall have the right to designate as Confidential Documents, Testimony or Information, produced by third parties, even if the third party has not done so. Such Designating Party shall do so within thirty (30) days of the disclosure of such information.

13. If any person subject to this Stipulation and Protective Order who has custody of any Confidential Materials receives a subpoena or other process ("Subpoena") from any government or other person or entity demanding production of Confidential Materials, the recipient of the Subpoena shall promptly give notice of the same by electronic mail transmission, followed by either express mail or overnight delivery to counsel of record for the Designating Party, and shall furnish such counsel with a copy of the Subpoena. Upon receipt of this notice, the Designating Party may, in its sole discretion and at its own cost, move to quash or limit the Subpoena, otherwise oppose production of the Confidential Materials, and/or seek to obtain confidential treatment of such Confidential Materials from the subpoenaing person or entity to the fullest extent available under law. The recipient of the Subpoena may not produce any Documents, Testimony or Information pursuant to the Subpoena prior to the date specified for production on the Subpoena.

14. If, after execution of this Stipulation and Protective Order, any Confidential Materials submitted by a Designating Party under the terms of this Stipulation and Protective Order is Disclosed by a non-Designating Party to any person other than in the manner authorized by this Stipulation and Protective Order, the non-Designating Party responsible for the Disclosure shall bring all pertinent facts relating to the Disclosure of such Confidential Materials to the immediate attention of the Designating Party.

15. This Stipulation and Protective Order is entered into without prejudice to the right of any Party to knowingly waive the applicability of this Stipulation and Protective Order to any Confidential Materials designated by that Party. If the Designating Party uses Confidential Materials in a non-Confidential manner, then the Designating Party shall advise the other Parties that the designation no longer applies.

16. Where any Confidential Materials, or Information derived from Confidential Materials, is included in any motion or other proceeding governed by the Federal Rules of Civil Procedure, the Party shall follow those rules. With respect to discovery motions or other proceedings not governed by the Federal Rules of Civil Procedure and/or the Local Rules of the United States District Court, Central District of California, the following shall apply: If Confidential Materials or Information derived from Confidential Materials are submitted to or otherwise disclosed to the Court in connection with discovery motions and proceedings, the same shall be separately filed under seal with the clerk of the Court in an envelope marked: "CONFIDENTIAL – FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER AND WITHOUT ANY FURTHER SEALING ORDER REQUIRED."

17. The Parties shall meet and confer regarding the procedures for use of Confidential Materials at trial and shall move the Court for entry of an appropriate order.

18. Nothing in this Stipulation and Protective Order shall affect the admissibility into evidence of Confidential Materials, or abridge the rights of any

1  person to seek judicial review or to pursue other appropriate judicial action with
2  respect to any ruling made by the Court concerning the issue of the status of Protected
3  Material.

4      19.    This Stipulation and Protective Order shall continue to be binding after
5  the conclusion of this Proceeding and all subsequent proceedings arising from this
6  Proceeding, except that a Party may seek the written permission of the Designating
7  Party or may move the Court for relief from the provisions of this Stipulation and
8  Protective Order. To the extent permitted by law, the Court shall retain jurisdiction to
9  enforce, modify, or reconsider this Stipulation and Protective Order, even after the
10 Proceeding is terminated.

11     20.    Upon written request made within thirty (30) days after the settlement or
12 other termination of the Proceeding, the Parties shall have thirty (30) days to either
13 (a) promptly return to counsel for each Designating Party all Confidential Materials
14 and all copies thereof (except that counsel for each Party may maintain in its files, in
15 continuing compliance with the terms of this Stipulation and Protective Order, all
16 work product, one copy of all Confidential Materials, one copy of each pleading filed
17 with the Court under Paragraph 18 of this Stipulation and Protective Order, and one
18 copy of each deposition together with the exhibits marked at the deposition), (b) agree
19 with counsel for the Designating Party upon appropriate methods and certification of
20 destruction or other disposition of such Confidential Materials, or (c) as to any
21 Documents, Testimony or other Information not addressed by sub-paragraphs (a) and
22 (b), file a motion seeking a Court order regarding proper preservation of such
23 Materials. To the extent permitted by law the Court shall retain continuing
24 jurisdiction to review and rule upon the motion referred to in sub-paragraph (c) herein.

25     21.    After this Stipulation and Protective Order has been signed by counsel
26 for all Parties, it shall be presented to the Court for entry. Counsel agree to be bound
27 by the terms set forth herein with regard to any Confidential Materials that have been
28 produced before the Court signs this Stipulation and Protective Order.

22. The Parties and all signatories to the Certification attached hereto as Exhibit A agree to be bound by this Stipulation and Protective Order upon its approval and entry by the Court. In the event that the Court modifies this Stipulation and Protective Order, or in the event that the Court enters a different Protective Order, the Parties agree to be bound by this Stipulation and Protective Order until such time as the Court may enter such a different Order.

23. Each signatory to this Stipulation represents and warrants that he or she is authorized to enter into this Stipulation on behalf of the party for whom he or she signs this Stipulation.

24. Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

25. Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order. Moreover, this Stipulation and Protective Order shall not preclude or limit any party's right to seek further and additional protection against or limitation upon production of documents produced in response to discovery.

26. Other Privileges. Nothing in this Stipulation and Protective Order shall require disclosure of materials a party contends are protected from disclosure by the attorney-client privilege or the attorney work-product doctrine. This provision shall not, however, be construed to preclude any party from moving the Court for an order directing the disclosure of such materials where it disputes the claim of attorney-client privilege or attorney work-product doctrine.

///

///

///

27. Modifications. The Stipulation and Protective Order shall not prevent a party from applying to the Court for relief therefrom, or from applying to the Court for a modification of this Protective Order or further protective orders, or from agreeing between themselves to modification of this Protective Order.

28. This Stipulation and Protective Order may be executed in counterparts.

Dated:  June 8, 2012			LEVINSON ARSHONSKY & KURTZ, LLP


By:	_____/s/_____ *Jason J. Jarvis*
	ROBERT A. LEVINSON
	JASON J. JARVIS
	Attorneys for Plaintiffs SUSAN LENNARD,
	MARK WIEGAND, EDWARD WIEGAND,
	EUGENIA SPRICH, JEFF W. COOK,
	JULIE COOK, W. GREGORY COOK and
	JOY COOK


Dated: June 8, 2012			RESCH POLSTER & BERGER LLP


By:	_____/s/_____ *Andrew V. Jablon*
	ANDREW V. JABLON
	Attorneys for Defendants and Third-Party
	Plaintiffs PETER YEUNG, PACIFIC
	ATLANTIC COIN COMPANY, P/A
	COIN, INC. and PANDA AMERICA
	CORPORATION

///
///
///
///
///

| | |
|---|---|
| Dated: June 8, 2012 | LAW OFFICES OF ARMEN R. VARTIAN |
| | |
| | By:  _/s/ Armen R. Vartian_ |
| | ARMEN R. VARTIAN |
| | Attorneys for Third-Party Defendant |
| | SCOTSMAN COIN & JEWELRY, INC. |
| Dated: June 8, 2012 | KODNER, WATKINS & KLOECKER, LC |
| | |
| | By:  _/s/ Michael D. Schwade_ |
| | ALBERT S. WATKINS |
| | MICHAEL D. SCHWADE |
| | Attorneys for Third-Party Defendants JAMES A. WINKELMAN AND BLUE OCEAN PORTFOLIOS, LLC |
| Dated: June 8, 2012 | NEWPORT TRIAL GROUP |
| | |
| | By:  _/s/ Scott J. Ferrell_ |
| | SCOTT J. FERRELL |
| | TYLER J. WOODS |
| | Attorneys for Third-Party Defendants JAMES A. WINKELMAN AND BLUE OCEAN PORTFOLIOS, LLC |

[PROPOSED] STIPULATED PROTECTIVE ORDER

# ORDER

IT IS SO ORDERED, and

**GOOD CAUSE APPEARING**, the Court hereby approves this Stipulation and Protective Order.

DATED: June 11, 2012_____ By: _____
ALICIA G. ROSENBERG

UNITED STATES MAGISTRATE JUDGE

## EXHIBIT A

## CERTIFICATION RE CONFIDENTIAL DISCOVERY MATERIALS

I hereby acknowledge that I, _____ [NAME], _____ [POSITION AND EMPLOYER], am about to receive Confidential Materials supplied in connection with the Above Proceeding (*Lennard et al. v. Yeung et al.*, District Court Case No. CV10-9322 MMM (AGRx)). I certify that I understand that the Confidential Materials are provided to me subject to the terms and restrictions of the Stipulation and Protective Order filed in this Proceeding. I have been given a copy of the Stipulation and Protective Order; I have read it, and I agree to be bound by its terms.

I understand that Confidential Materials, as defined in the Stipulation and Protective Order, including any notes or other records that may be made regarding any such materials, shall not be Disclosed to anyone except as expressly permitted by the Stipulation and Protective Order. I will not copy or use, except solely for the purposes of this Proceeding, any Confidential Materials obtained pursuant to this Protective Order, except as provided therein or otherwise ordered by the Court in the Proceeding.

I further understand that I am to retain all copies of all Confidential Materials provided to me in the Proceeding in a secure manner, and that all copies of such Materials are to remain in my personal custody until termination of my participation in this Proceeding, whereupon the copies of such Materials will be returned to counsel who provided me with such Materials.

I declare under penalty of perjury that the foregoing is true and correct. Executed this _____ day of _____, 20  , at _____.

By: _____
Name:_____
Title:_____
Street Address:_____
City, State, Zip:_____
Telephone:_____

**PROOF OF SERVICE**
1013A(3) CCP

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

    I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 15303 Ventura Boulevard, Suite 1650, Sherman Oaks, California 91403.

    On June 11, 2012, I served the foregoing document described as: **[PROPOSED] STIPULATED PROTECTIVE ORDER** on the interested parties in this action:

  __X__ by placing _____ the original __X__ a true copy thereof enclosed in sealed envelopes addressed as follows (or as addressed on the attached mailing list):

| | |
|---|---|
| **Michael C. Baum, Esq.**<br>**Andrew V. Jablon, Esq.**<br>**Michael E. Byerts, Esq.**<br>**RESCH POLSTER & BERGER, LLP**<br>**9200 Sunset Blvd., Ninth Floor**<br>**Los Angeles, CA 90069**<br>**Tel: (310) 277-8300**<br>**Fax: (310) 552-3209**<br>**mbaum@rpblaw.com;**<br>**ajablon@rpblaw.com;**<br>**mbyerts@rpblaw.com**<br>**Attorneys for Defendants** | **Albert S. Watkins, Esq.**<br>**Michael D. Schwade, Esq.**<br>**Kodner, Watkins & Kloecker, LC**<br>**7800 Forsyth Blvd., Seventh Floor**<br>**St. Louis, Missouri 63105**<br>**Tel: (314) 727-9111**<br>**Fax: (314) 727-9110**<br>**albertwatkins@kwklaw.net**<br>**mschwade@kwklaw.net**<br>**Attorney for Third-Party Defendants**<br>**James A. Winkelman and Blue Ocean Portfolios, LLC** |
| **Armen R. Vartian, Esq.**<br>**Law Offices of Armen R. Vartian**<br>**1601 N. Sepulveda Blvd.**<br>**Manhattan Beach, CA 90266**<br>**Tel: (310) 372-1355**<br>**Fax: (866) 427-3820**<br>**avartian@gmail.com**<br>**Attorney for Third-Party Defendant**<br>**Scotsman Coin & Jewelry, Inc.** | **Scott J. Ferrell, Esq.**<br>**Tyler J. Woods, Esq.**<br>**NEWPORT TRIAL GROUP**<br>**895 Dove Street, Suite 425**<br>**Newport Beach, CA 92660**<br>**Tel: (949) 706-6464**<br>**Fax: (949) 706-6469**<br>**sferrell@trialnewport.com;**<br>**twoods@trialnewport.com**<br>**Attorney for Third-Party Defendants**<br>**James A. Winkelman and Blue Ocean Portfolios, LLC** |

  __X__ **BY MAIL:** By placing the envelope for collection and mailing following our ordinary business practices. I am readily familiar with firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid.

  __X__ **BY ELECTRONIC MAIL NOTICE LIST:** Pursuant to information contained on the Court's Party Information for this matter, the foregoing document will be served by the court via Electronic Mail with a hyperlink to the document. On June 11, 2012, I checked the CM/ECF docket for this matter and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated: **mbyerts@rpblaw.com; ajablon@rpblaw.com; mbaum@rpblaw.com; avartian@gmail.com; albertwatkins@kwklaw.net; mschwade@kwklaw.net; sferrell@trialnewport.com; twoods@trialnewport.com**

    Executed on June 11, 2012 at Sherman Oaks, California.

  __X__ I declare that I am employed in the office of a member of the Bar of, or permitted to practice before, this Court at whose direction the service was made and declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

    _____ANI MAKHANIAN_____        _/s/_  _Ani Makhanian_